IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVERBANK, SUCCESSOR BY MERGER TO EVERHOME MORTGAGE COMPANY,

     Plaintiff,

v.

ROSAN WISSA, an individual, and DOES 1 through 10, inclusive,

     Defendants.
_____/

No. 2:12-cv-00735 JAM KJN PS

ORDER and
FINDINGS AND RECOMMENDATIONS

     Presently before the court is plaintiff's motion to remand this unlawful detainer action to the Superior Court of California for the County of Sacramento ("Superior Court") (Dkt. No. 4).[1] Defendant failed to file an opposition to plaintiff's motion to remand.

     Because oral argument would not materially aid the resolution of the pending motion, this matter is submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g). Having reviewed the moving papers and record in this case, the undersigned recommends that plaintiff's motion to remand be granted and that this case be

---

[1] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

remanded to the Superior Court on the grounds that this court lacks federal subject matter jurisdiction over plaintiff's unlawful detainer claim.

I.    BACKGROUND

On January 30, 2012, plaintiff filed a complaint in the Superior Court entitled "Verified Complaint For Unlawful Detainer [C.C.P. §§ 1161a(b)(3) and 1166] Against Occupants Holding Over After Nonjudicial Sale Under Power of Sale In Deed of Trust" ("Complaint"). (Compl. at 1, attached to Notice of Removal.) The caption of the Complaint further states: "Limited Jurisdiction - Amount Demanded Up To $10,000." (Id.) Plaintiff filed its case seeking to recover possession of the subject residential property located in North Highlands, California. (Id. ¶ 1.)

The Complaint alleges that the California Housing Finance Agency purchased the subject property as the highest bidder at a trustee's sale following foreclosure proceedings,[2] and that the California Housing Finance Agency conveyed the property to plaintiff by a recorded Grant Deed[3] on August 25, 2011. (Compl. ¶¶ 7-8 & Exs. 1-2.) Plaintiff alleges that as a result of these transactions, "Plaintiff is the owner, and entitled to immediate possession of the Property." (Id. ¶ 9.)

Plaintiff alleges that it believes that defendant claims a "sub-tenancy interest in the property and are [*sic*] in possession of the premises." (Compl. ¶ 10.) Plaintiff alleges that it provided defendant with a notice to vacate the premises and deliver possession of the property within three days.[4] (See Compl. ¶ 12 & Ex. 3.) Plaintiff alleges that defendant failed to vacate and deliver possession after at least 60 days. (Id. ¶ 13.) Through this action, plaintiff seeks:

---

[2] Using the pagination assigned by the court's electronic filing system, the Trustee's Deed Upon Sale appears in docket entry 1, at pages 16 to 17.

[3] Using the pagination assigned by the court's electronic filing system, the Grant Deed appears in docket entry 1, at page 19.

[4] Using the pagination assigned by the court's electronic filing system, the Trustee's Deed Upon Sale appears in docket entry 1, at pages 14 to 15.

(1) possession of the subject property, and (2) costs. (Compl. at 4.)[5]

Defendant removed this unlawful detainer action on March 23, 2012, pursuant to 28 U.S.C. § 1441, asserting that this court has subject matter jurisdiction over plaintiff's claim pursuant to 28 U.S.C § 1331. (Notice of Removal ¶¶ 5, 8-11, 14.) Specifically, defendant asserts that this court has federal question jurisdiction based on the "Protecting Tenants at Foreclosure Act, 12 USC 5220," and contends that plaintiff failed to provide her with a sufficient 90-day notice to quit as required by that legislation. (See Notice of Removal ¶¶ 6, 13.) Defendant's Notice of Removal does not assert that this court can exercise subject matter jurisdiction over plaintiff's unlawful detainer claim based on the diversity jurisdiction statute, 28 U.S.C. § 1332(a).

On April 2, 2012, plaintiff filed its motion to remand, arguing that defendant's removal was untimely and that this court lacks subject matter jurisdiction over its single unlawful detainer claim.[6] Defendant failed to oppose the motion to remand.

II.  LEGAL STANDARDS

In relevant part, the federal removal statute provides:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert.

---

[5] Plaintiff represents that defendant filed an answer and request for dismissal "[i]n March, 2012," and that on March 15, 2012, plaintiff filed "the first Request for Trial set to be heard on March 27, 2012." (Mot. to Remand at 3.) However, none of these representations is supported by a declaration or judicially noticeable document. Accordingly, plaintiff's representations in this regard have not been considered by the court.

[6] The undersigned declines to address plaintiff's argument that defendant's removal was untimely. Plaintiff's argument relies, at least in part, on representations about the proceedings in the Superior Court that are not adequately substantiated by the record.

denied, 131 S. Ct. 65 (2010).  "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (citation and quotation marks omitted).

III.     DISCUSSION

Defendant's Notice of Removal asserts that removal is proper on the basis of the court's federal question jurisdiction.  (See, e.g., Notice of Removal ¶ 5.)  District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091; see also Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint.").  "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*.  Jurisdiction is based on the complaint as originally filed . . . ." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted).

Here, plaintiff filed its Complaint in the Superior Court asserting a single claim for unlawful detainer premised solely on California law.  Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint.  See, e.g., U.S.

4

Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

        Despite the fact that defendant failed to oppose plaintiff's motion to remand, the undersigned briefly addresses defendant's suggestion in his Notice of Removal that this court has subject matter jurisdiction over plaintiff's claim because plaintiff's three-day notice to vacate the premises allegedly violated the Protecting Tenants At Foreclosure Act of 2009, Pub. L. No. 111-22, § 702, 123 Stat. 1660 (2009) (the "Act"). (See Notice of Removal ¶ 13.) Insofar as defendant's argument is concerned, the Act provides protections to tenants who reside in properties subject to foreclosure, including the requirement that a 90-day notice to vacate be given to bona fide tenants. See SD Coastline LP v. Buck, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *1 (S.D. Cal. Nov. 19, 2010) (unpublished).

        Federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the Act. See, e.g., Parkland Sec., Inc. v. Carey, Civ. No. S-11-3281 GEB GGH PS, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012) (unpublished), adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (unpublished); SD Coastline LP, 2010 WL 4809661, at *2-3; Aurora Loan Servs., LLC v. Martinez, No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (unpublished). Such rejection is based on the fact that an argument relying on the Act's notice provision is an attempt to premise this court's subject matter jurisdiction on a defense or a counterclaim. An anticipated defense or counterclaim cannot establish a federal question

because such a defense or counterclaim does not appear on the face of the complaint.[7] See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (stating that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); accord Takeda v. Nw. Nat'l Life Ins Co., 765 F.2d 815, 822 (9th Cir. 1985); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); SD Coastline LP, 2010 WL 4809661, at *2-3 (concluding that unlawful detainer defendant's claim or defense based on the Protecting Tenants at Foreclosure Act of 2009 cannot serve as a basis for removal jurisdiction).

In short, no federal question is present on the face of plaintiff's Complaint. Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over plaintiff's single claim for unlawful detainer brought pursuant to California law.

IV. CONCLUSION

As stated above, IT IS HEREBY ORDERED that plaintiff's motion to remand is submitted without a hearing, and the May 10, 2012 hearing on plaintiff's motion is VACATED.

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand (Dkt. No. 4) be granted and that this matter be remanded to the Superior Court of California, County of Sacramento.

2. This case be closed and all dates be vacated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[7] Additionally, federal district courts have concluded that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but provides directives to state courts. See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, No. CIV S-10-1617 MCE EFB PS, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (unpublished).

objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

       IT IS SO ORDERED AND RECOMMENDED.

DATED:  May 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE